JOHN GOODELL *v.* SETH HARRINGTON et al. NANCY
BRUCE, Purchaser, Appellant. PHILIP R. CLARK,
Respondent.

The question whether a re-sale shall be ordered in a foreclosure suit is
discretionary with the court below; and an order directing a re-sale is
not reviewable here upon the merits.

It is not requisite that a person applying for a re-sale should have a specific
lien upon the mortgaged premises; the court may exercise its power at
the instance of any one whose rights are affected by the sale.

(Argued March 18. 1879; decided April 1, 1879.)

APPEAL by Nancy Bruce from order of the General Term
of the Supreme Court, in the fourth judicial department,
affirming an order of Special Term, which set aside a fore-
closure sale herein and directed a re-sale.

This action was for the foreclosure of a mortgage.

Judgment of foreclosure and sale was perfected and was
assigned by plaintiff to said Nancy Bruce, who bid off the
mortgaged premises on the foreclosure sale. The applica-
tion for a re-sale was made by one Philip R. Clark. His
interest is set forth in the opinion.

*George W. Cothran*, for appellant. Clark had no stand-
ing in court to make a motion to open the sale. (Colby on
Surplus Moneys, §§ 19, 20.) Mere inadequacy of price fur-
nishes no reason for ordering a re-sale. (1 Van Santvoord's
Eq. Pr., 558; *Howell* v. *Mills*, 53 N. Y., 326.)

*Henry F. Allen*, for respondent. The respondent's appli-
cation was addressed to the discretion of the court below,
and the order of General Term is, therefore, not appealable.
(*Buff. Svgs. Bk.* v. *Newton*, 23 N. Y., 160; *Dows* v. *Coug-
don*, 28 id., 122; *Crane* v. *Stiger*, 58 id., 625; *Hale* v.
*Clawson*, 60 id., 339, 341.) Any one whose rights are
injuriously affected by a judgment or sale under it may

move to set it aside, although not a party to the suit. (*Kellogg* v. *Howell*, 62 Barb., 280; *Gould* v. *Mortimer*, 26 How., 167.) The order granting a re-sale was right, because Clark was prevented from attending the sale by misapprehension. (*Huppock* v. *Conklin*, 4 Sand. Ch., 582; *Thompson* v. *Mount*, 1 Barb. Ch., 607; *King* v. *Morris*, 2 Abb. Pr., 296; *Gould* v. *Kirby*, 24 How. Pr., 440; *Lefevre* v. *Laraway*, 22 Barb., 164–167; *Williams* v. *Williams*, 42 How., 411; *Hale* v. *Clawson*, 60 N. Y, 339–342; *Kellogg* v. *Howell*, 62 Barb., 280; *Tripp* v. *Cook*, 26 Wend., 145; *Williamson* v. *Dale*, 3 J. Ch., 291.)

CHURCH, Ch. J. The question whether a re-sale should be ordered was discretionary with the court below, and the order providing for such re-sale is not therefore upon the merits appealable to this court. (*Buffalo Savings Bank* v. *Newton*, 23 N. Y., 160; *Crane* v. *Stiger*, 58. id., 625; *Hall* v. *Clawson*, 60 id., 339.)

The point presented is, that Clark, who made the application, had no such interest as entitled him to make the motion. It appears that Clark was a judgment creditor of Nancy Bruce, as executrix of Seth Harrington, that Nancy Bruce claims title to a portion of the mortgaged premises by virtue of a deed executed in 1861, and was the purchaser under the mortgage sale, that an action is pending in favor of Clark to set aside the deed to Nancy Bruce as fraudulent, the indebtedness to Clark having been incurred, prior to the date of the deed.

I am not aware of any rule of law requiring a specific lien upon the mortgaged premises, to enable a person to apply for a re-sale. If the deed to Nancy Bruce should be set aside, the propriety of which cannot be considered upon this motion, Clark could require her to lease, sell, or mortgage the premises to pay his judgment. He is therefore interested in preserving the fund, from which alone, he can obtain satisfaction of his judgment. The Supreme Court has control over its own judgments, and the proceedings

thereunder, and it may exercise this power at the instance of any person whose rights are injuriously affected by such proceedings. (*Gould* v. *Mortimer*, 26 How. Pr. R., 167, and cases cited; *Kellogg* v. *Howell*, 62 Barb., 280.)

It is clear that the rights of Clark may be seriously affected. If his claim is sustained the land constitutes a fund from which he may obtain payment of his judgment, while if the sale should stand, he would be entirely cut off. A somewhat analogous question was considered in *Rohrbach* v. *Germania Ins. Co.* (62 N. Y., 47), where we held that a legal or equitable title is not necessary to give an insurable interest to property, and that if one has a right which may be enforced against the property, and which is so connected with it that an injury thereto will result in loss to him, it is sufficient.

We think that the court below had the legal power to act upon the application of Clark, and that the exercise of the power is not reviewable in this court.

It follows that the appeal must be dismissed.

All concur.

Appeal dismissed.