(65 App. Div. 159.)

### In re HANLEIN et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

REFERENCE—CONTEMPT PROCEEDINGS—ADMITTED FACTS.

    Where affidavits, in answer to a motion to punish for contempt, did not contradict any material fact upon which the application was made, an order of reference to determine the facts was erroneous.

Appeal from special term, New York county.

Application of Henry Hanlein and another for punishment of Luke Healy as for contempt of court. From an order directing a reference, applicants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frank Barker, for appellants.

John J. O'Grady, for respondent.

INGRAHAM, J. This proceeding was to punish one Luke Healy for contempt in having executed and justified upon a bond given to procure the discharge of a mechanic's lien, filed by the petitioners upon certain premises in the city of New York. The petition upon which the application was based alleges that the petitioners had filed a mechanic's lien for $489 against Thomas McKeone, as owner and contractor, upon premises No. 16 East Seventeenth street, city of New York; that thereafter a proposed bond executed by the said Thomas McKeone as principal, and by Luke Healy and William W. Vaughan as sureties, to discharge the said lien, was served upon the plaintiffs, with a notice that the said sureties would justify before one of the justices of the supreme court at a time and place named; that the sureties justified before the justice, the justification of Healy being annexed to the petition, and that upon such justification the bond was approved by the justice, and an order entered canceling the lien; that thereafter an action was brought to foreclose the lien, and to obtain judgment against the principal and the sureties upon the bond given to discharge the same for the amount due thereon, which action resulted in a recovery of a judgment for $381.28, the amount due upon the said lien, with interest and costs, on the 7th day of March, 1901; that an execution against Healy was issued, which was subsequently returned wholly unsatisfied; that the said Healy and his wife were thereupon examined in supplementary proceedings under the said judgment, such examination having been reduced to writing and annexed to the petition; and it was upon this petition and these examinations that the motion to punish Healy was based. In answer to the motion, the affidavits of Healy and his wife were submitted to the court, but these affidavits do not contradict any material fact upon which the application was made.

There does not seem, therefore, to be a serious dispute as to the facts, and the question for the court to determine was whether or not Healy was guilty of contempt in executing the undertaking and justifying as a surety thereon. The court, instead of determining

72 N.Y.S.—28

the question upon these affidavits, ordered a reference, the form of the order being that the referee was directed to take testimony concerning all the facts and circumstances in the matter, and report the same, with his opinion, to the court. We do not think that this order was justified. We have several times expressed our disapproval of references to determine questions of fact arising upon a motion, except in exceptional cases. The expense and delay to which parties to a motion are subjected by these references is so considerable and out of proportion to the importance of the questions to be determined that they should not be granted, except in a case where the decision of the motion turns upon a disputed question of fact upon which the affidavits are conflicting, and where it is essential for a proper determination of such a question that the witnesses should be cross-examined. Where the facts are substantially undisputed, and the only question is as to the inference to be drawn from them, there is certainly no warrant for such a reference, subjecting the parties to the expense and delay incident thereto in this district. In two late cases (Buchholtz v. Railway Co., 59 App. Div. 566, 69 N. Y. Supp. 682, and Weinberger v. Traction Co., 63 App. Div. 240, 71 N. Y. Supp. 289), we have expressed our views upon this subject, and it is only necessary to call attention to these cases, and to reaffirm the views there expressed. In this case these petitioners have lost their money by reason of the undertaking which secured the cancellation of the lien. The inability of the petitioners to collect their judgment has made it apparent that the principal and sureties on the undertaking are insolvent, and the lien upon the premises which secured the petitioners' claim has been discharged by substituting for it the worthless obligations of the parties who executed the undertaking. It is certainly most unjust that the petitioners should be subjected to the additional expense which would necessarily be caused by a reference, in their endeavor to punish parties instrumental in the perpetration of this injury upon the plaintiffs and fraud upon the court. We think there was nothing to justify this order of reference; that there was no question of fact upon this motion which justified the court in refusing to determine it upon the papers presented; and that the order appealed from was improvidently granted. While the determination as to whether a question of fact upon a motion should be referred is the exercise of a judicial discretion upon the particular facts of each case, the exercise of that discretion is reviewable here. We think it is a substantial right of the parties to such an application to have that application determined upon papers presented to the court, and that when that right is refused the party who has been aggrieved by that refusal has the right to have the discretion that was exercised reviewed on appeal.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion remitted to the special term for decision. All concur.