(37 Misc. Rep. 417.)

### In re HAMMANN.

(Supreme Court, Special Term, New York County. March, 1902.)

1. ATTORNEY—SUMMARY REMEDY—NATURE OF EMPLOYMENT.
　　Where an attorney is employed in a matter wholly unconnected with the professional character, the court will remit a party who alleges that he has been damaged to his action at law.

2. SAME—REFERENCE.
　　Where there is a sharp conflict of facts as to whether an attorney was employed as such or in a matter wholly unconnected with his professional character, before summary relief is granted, a reference will be made for a report as to the facts in the case.

Application of Edward Hammann to compel Michael Jacobs, an attorney at law, to show cause why he should not pay over certain money. Order of reference entered.

Darlington, Crane & Jenkins, for the motion.
Michael Jacobs, opposed.

GILDERSLEEVE, J. On or about July 2, 1901, the petitioner, Edward Hammann, entered into an agreement with Michael Jacobs, an attorney at law, by which the latter agreed to obtain, within 30 days from July 2, 1901, the return of certain notes and stock, together with

a full release, from one Asplund, for which services said Jacobs was
to receive in advance from Hammann $250; and it was further stipu-
lated that, in case of failure to carry out the contract and obtain the
return of the notes, stock, and release within 30 days, Jacobs was to
return to Hammann the said retainer of $250. This agreement was
reduced to writing in the form of a receipt for the $250, and signed
by Jacobs. Hammann claims that the 30 days elapsed, that Jacobs
did not obtain the return of the notes, stock, and release, that Ham-
mann demanded of Jacobs the return of the retainer of $250, and that
Jacobs refused to return same. The said Hammann therefore ob-
tained an order to show cause, on petition, why Jacobs should not
be compelled to make such restitution of the $250, paid to him by
Hammann under the agreement above stated. Jacobs, on the other
hand, claims that he brought about a settlement between Hammann
and Asplund on July 15th; that Hammann agreed to the terms of
settlement, but subsequently backed out, and that it was wholly
through Hammann's fault that he (Jacobs) did not procure the return
of the notes, stock, and release from Asplund within the 30 days
agreed upon; that he then told Hammann that he (Jacobs) could not
devote his time to the matter for nothing, and that he would retain
the $250 as compensation for his services in bringing about the set-
tlement with Asplund, which had come to naught by reason of Ham-
mann's refusal to stand by his agreement to settle on the terms pro-
cured by Jacobs. The said Jacobs further swears that Hammann
owed him for services performed in other matters at least $250 in addi-
tion to the $250 so received under the agreement of July 2, 1901.
Asplund corroborates Jacobs as to the settlement between Asplund
and Hammann, to which, as alleged by Asplund and Jacobs, Ham-
mann agreed, but subsequently refused to stand by his agreement.
The petitioner, Hammann, submits an answering affidavit, denying
that he ever agreed to the proposed settlement with Asplund, as al-
leged by Jacobs and Asplund, and alleging that he merely said that
he would consider the matter, and give his answer that afternoon;
that he did so give his answer at the time stated, and refused to ac-
cept the proposition, but relied upon his claim to the return of the
notes, stock, and release as originally demanded, and which Jacobs
had agreed to obtain in the contract of July 2, 1901. Hammann fur-
ther denies that Jacobs told him that he would retain the $250 be-
cause of Hammann's refusal to accept the settlement with Asplund;
and he swears that he paid Jacobs for the other services that Jacobs
had rendered the sum of $250, their full value, and owed nothing to
Jacobs as a possible offset to the $250 he claims from Jacobs on this
application. Hammann is corroborated in many details as to the
Asplund proposed settlement by one Hammell. Upon this sharp con-
flict of evidence it is difficult to determine where the truth lies. The
fact, however, is undisputed that Jacobs did not obtain the return of
the notes, stock, and release within the 30 days, or at any other time,
and that he has not returned the $250 to Hammann. He offers cer-
tain excuses for his failure to carry out his contract, the truth of which
excuses, as we have seen, is denied by Hammann. The point of the
jurisdiction of the court to compel Jacobs, in a summary way, to

execute his agreement, was not raised on the motion, but such jurisdiction was, apparently, conceded by the parties. Still I deem it my duty to consider that branch of the case. The rule upon this subject is that, when the employment of an attorney is so connected with his professional character as to afford a presumption that it formed the ground of his employment, the court will interfere, in a summary way, to compel him to execute the trust reposed in him; but where an attorney is employed in a matter wholly unconnected with his professional character the court will not exercise this jurisdiction over him, but will leave the applicant to his remedy by an ordinary action to right the wrong to which he has been subjected. See In re Husson, 26 Hun, 133, 134. The mere fact that the attorney has acted in his professional capacity for the applicant in other matters does not necessarily imply that he so acted in the transaction under consideration. Id. So far as the nature of the present transaction is concerned, Jacobs might have acted as agent merely, without any reference to the fact that he was an attorney and counselor at law. However, the applicant swears that Jacobs offered his services "as attorney," and the word "retainer" is used in the receipt of July 2, 1901. I incline to hold that these facts afford a sufficient presumption that Jacobs' professional character formed the ground of his employment, within the rule above laid down, to warrant the court in interfering, in a summary way, to compel the said attorney to make restitution. Nevertheless, upon a summary application against an attorney to compel him to pay over moneys alleged to have been unlawfully retained by him, he is entitled to have a clear case made out against him. In re Knapp, 85 N. Y. 285. The decision of this motion necessarily turns upon disputed questions of fact, as to which the affidavits are sharply conflicting, and it appears to be essential for a proper determination of these questions that the witnesses should be cross-examined. It would, therefore, appear that a reference in aid of the conscience of the court should be directed. See In re Hanlein, 65 App. Div. 159, 72 N. Y. Supp. 433. It is true, the amount involved is small, being only $250; but one or two sessions before the referee should be sufficient, and the expense of the reference ought to be very limited. An order may be handed up referring the matter to Francis C. Cantine, Esq., to take testimony concerning all the facts and circumstances, and report the same, with his opinion thereon, to the court, with all convenient speed.

Ordered accordingly.