(37 Misc. Rep. 420.)

### PEOPLE ex rel. SAND v. ERSTER ZLOCZOWER KRANKEN UNTERSTUTZUNG VEREIN.

(Supreme Court, Special Term, New York County. March, 1902.)

REFERENCE—CONFLICTING EVIDENCE—MANDAMUS.

> On application for mandamus by a member of a sick benefit association to restore him to membership, where the proof was conflicting as to whether he had been given notice of the charge against him prior to his expulsion, or notice of the hearing on such charge, a referee will be appointed to take proof as to the facts.

Action by the people, on the relation of Joseph Sand, against the Erster Zloczower Kranken Unterstutzung Verein. Reference ordered.

E. J. Livingston, for plaintiff.
B. E. Siegelstein, for defendant.

GILDERSLEEVE, J. This is an application for a mandamus requiring the defendant, a sick-benefit association, to restore the plaintiff to membership in said association. The plaintiff was one of the charter members, and also one of the trustees, of defendant; but on or about February 13, 1902, he was expelled from the association on the ground, as alleged, that plaintiff had "sworn falsely in court that he had received no sick benefit," and on the further ground, as alleged, of "immoral character." Plaintiff denies these charges, and claims that he has been unlawfully expelled. The reasons for which a member can properly be expelled from defendant

association, according to its constitution and by-laws, appear to be (1) nonpayment of dues; (2) when legally convicted of a crime; (3) feigning sickness in order to draw benefit, or seeking in any way to place defendant at a disadvantage; (4) making false statements at time of initiation into or joining the defendant association. The accused member is entitled to receive notice of the charge, and to be heard in his own defense before he is expelled, and the constitution and by-laws provide for the mode or process of his trial. The plaintiff claims that he was given no opportunity to defend himself, and had no notice of the accusations made against him, or of any hearing or trial, until he received notification that he had been expelled. If this be true, his expulsion was irregular and illegal, according to the terms of defendant's constitution and by-laws. The plaintiff further claims that he legally is, and has been since the existence of the defendant, a member in good standing; that his expulsion without notice of the accusation or of the trial was a violation of the constitution and by-laws of the defendant, a gross infringement of plaintiff's rights, and entirely illegal. The president of the defendant, on the other hand, denies each and every allegation of the plaintiff, except that the latter was expelled, and received notice of such expulsion. It is the claim of the president of defendant that grave charges were preferred against plaintiff, which, if true, entitle defendant to expel plaintiff, in accordance with the constitution and by-laws of the defendant; that plaintiff was duly notified of such charges; that a committee was regularly appointed to try plaintiff; that plaintiff was duly summoned to appear, but that plaintiff failed to appear; that thereupon, in pursuance of the requirements of the constitution and by-laws, a new committee was appointed, and plaintiff was again summoned to appear, but he again failed to appear; that thereupon the committee made their investigation and submitted their report, and thereafter the plaintiff, in strict compliance with the provisions of the constitution and by-laws, was expelled, and notice of such expulsion duly sent to him. The allegations of the president are corroborated by the secretary of the defendant. There seems to be such a sharp conflict as to the extremely essential question of due notice being given to the plaintiff of the making of the charges, and of the hearing of the same by the committee, that it is very difficult to determine on these affidavits where the truth lies. The rule is that references in aid of the conscience of the court, to determine questions of fact arising on a motion, should not be ordered except in a case where the decision of the motion turns upon a disputed question of fact, as to which the affidavits are conflicting, and where it is essential for a proper determination of the question that the witnesses should be cross-examined. In re Hanlein, 65 App. Div. 159, 72 N. Y. Supp. 433. It seems to me that the case at bar comes well within the conditions that warrant a reference as above stated. An order may be handed up referring the matter to George H. Hart, Esq., to take testimony concerning all the facts and circumstances, and report the same to the court, with his opinion thereon.

Ordered accordingly.