NEAL v. GILLERAN et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

REFERENCE—POWER TO REFER—QUESTIONS OF FACT ARISING ON MOTION—REFERENCE ON COURT'S OWN MOTION.

On a motion for a writ of assistance, presenting serious questions dependent on conflicting affidavits, creating disputed questions of fact, and where it was essential to their proper determination that the affiants be cross-examined, the court, in its discretion, under Code Civ. Proc. § 1015, allowing the court on its own motion to direct a reference to determine

and report upon a question of fact arising otherwise than upon the pleadings, could refuse to allow the moving party to file additional affidavits in reply, and could send the case to a referee, so that the affiants could be cross-examined, reserving to the moving party the right to give additional evidence.

Appeal from Special Term, Westchester County.

Action by Sarah A. Neal against Thomas Gilleran and others. From an order of reference, defendant E. Daniel Miner appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

E. Daniel Miner, in pro. per.

Allen Wardwell, for respondent.

RICH, J.    The Special Term appointed a referee to take proof of certain facts set forth in the affidavits read upon a motion for a writ of assistance.   The motion was based upon the affidavit of the appellant setting forth the commencement of an action on August 28, 1905, to foreclose a mortgage upon real estate in the county of Westchester, which, it is averred, was owned when the action was commenced by the defendant Gilleran; that judgment of foreclosure and sale was duly granted and entered, that the premises were sold by a referee and purchased by the appellant, and that the report of sale was confirmed on February 27, 1907; that after the commencement of the action and filing of the notice of pendency Gilleran conveyed said premises to the New York, Westchester & Boston Railway Company, which entered into possession, and on August 1, 1907, refused, upon exhibition of his deed by appellant and demand, to surrender the premises or to let him into possession.   The railway company opposed the motion, alleging that before the commencement of the action Gilleran conveyed the premises in dispute to it; that it entered into possession and commenced the construction of its roadbed thereon, but did not record its deed until August 15, 1906; that one William Taylor was the owner of the mortgage foreclosed, that he suggested the procuring of the deed by the company, and that both he and his attorney in the foreclosure action knew before its commencement that the company had purchased and was in possession of the premises; that the plaintiff in said action, Sarah A. Neal, was a relative and member of the family of said Taylor, had no interest in said mortgage, and was a mere dummy for Taylor, and acting in his interest and to conceal his connection with the matter; that appellant was not a purchaser for value without notice; that, when the sale under the foreclosure proceedings was made, its deed was recorded, it was in possession of the land, its right of way embankment was constructed over the land, and notice thereby was given to any proposed purchaser of its claim to some right in the premises; that appellant purchased for $1,700 and immediately endeavored to induce the company to purchase to save its rights at an increased and excessive price; that the company had no notice of the foreclosure proceedings, and was not made a party thereto; that if the motion was granted the company would be seriously damaged, its line of railway interrupted, its construction interfered with, and work theretofore done destroyed, while, if denied,

the moving party would not be damaged, as in an action for posses-
sion he could be adequately compensated in damages; and that upon
the trial of such an action the company would be able to prove that it
procured the deed of Gilleran with the knowledge of the plaintiff, her
attorney, and Taylor, who was the real party in interest and the real
plaintiff in the action, and knew of the ownership of the premises be-
fore the commencement of the action and filing of the lis pendens.
When these affidavits were read the appellant asked leave to file affi-
davits in reply, which the court refused, and upon its own motion
made the order from which this appeal is taken; the order providing:

"That on such reference said E. Daniel Miner [the appellant] may produce
and examine witnesses to contradict the facts stated in said affidavits of said
Cokeley, Buell, and Gilleran, and to prove such other facts in support of said
motion as he may be advised."

Upon the facts presented the order was proper, and it was a proper
exercise of the power vested in him by section 1015 of the Code of
Civil Procedure. Matter of Hanlein, 65 App. Div. 161, 72 N. Y.
Supp. 433. The case presented serious questions, dependent upon con-
flicting affidavits, creating disputed questions of fact upon which the
motion must turn, and it was essential for the proper determination
of these questions that the affiants should be cross-examined. Instead
of permitting the appellant to file additional affidavits, the court sent
it to a referee, reserving to the appellant the right to give such addi-
tional evidence in support of his motion as he might desire. It seems
to me that this was a proper and commendable course for the court to
take, and that the order should be affirmed, with costs. All concur.