MARTIN REALTY CO. *v.* BAY VIEW HEIGHTS LAND CO.

(Matter of Petition of RICHARD C. DE NORMANDIE).

(Supreme Court, Kings Special Term, May, 1919.)

Foreclosure — action of — mortgages — lis pendens — when resale will be ordered — motions and orders — pleading — deficiency — referees.

At a sale in foreclosure of a mortgage given by a land company and upon which, at the commencement of the action, there was a balance due of $26,500, the mortgaged premises, at the time worth upwards of $38,000, were bid in by the plaintiff for $500. At a prior sale in foreclosure of another mortgage for $2,385, covering certain unincumbered lots owned by the land company, and given to secure the interest due and to become due upon the first mortgage, said lots, which at the time were worth upward of $13,000, were sold to the same plaintiff for $1,000 and thereafter it sold some of them and has received and still retains the purchase price. Upon a motion by a judgment creditor of the mortgagor, whose judgment for $9,000 was docketed the day after the *lis pendens* was filed in the foreclosure actions and of which he had no knowledge or of the sales thereunder until shortly before the motion for a resale in the action to foreclose the large mortgage and to vacate and set aside the sale in the other action and for leave to defend the same, on the ground that in both actions the sales were for sums grossly inadequate and that to the action to foreclose the second mortgage there was a substantial defense, *held,* that in the action to foreclose the large mortgage a resale of the premises will be ordered except as to the lots sold by the purchaser on foreclosure; that the judgment in the other action will be vacated in all respects except as to the lots sold by said purchaser to parties who had no notice of the present motion, and as to those lots the judgment and sale by the referee will be confirmed.

The summons and complaint in the action to foreclose the small mortgage will be amended by adding the name of said judgment creditor as a party defendant with leave to answer within twenty days.

It being doubtful whether the premises foreclosed will furnish adequate security for the mortgages, the judgment creditor, as evidence of good faith in making the motions herein, will be required to furnish additional security to meet, in part at least, any deficiency which plaintiff may suffer, upon the terms stated in this opinion, and if the same are not complied with, the motion will be denied with costs in each action.

MOTIONS by judgment creditor of mortgagor for a resale in action No. 1 and to vacate judgment and set aside the sale and for leave to come in and defend action No. 2.

Clarke & Frost, for plaintiff.

Walter E. Warner, for defendants.

CALLAGHAN, J.   The petitioner, a judgment creditor of the defendant Bay View Heights Land Company, moves in two actions, known as action No. 1 and action No. 2, brought by the Thomas F. Martin Realty Company against the Bay View Heights Land Company to foreclose mortgages.   Action No. 1 was brought to foreclose a mortgage which at the time of the commencement of this action had been reduced by payment to $26,500.   Action No. 2 was brought to foreclose a mortgage for $2,385.   The petitioner seeks a resale of the premises, the subject matter of action No. 1, and to vacate the judgment and set aside the sale had thereunder and for leave to come in and to defend action No. 2.   The premises foreclosed in action No. 1 were sold on August 15, 1918, for $500, and the premises foreclosed in action No. 2 were sold on June 21, 1918, for $1,000.   The plaintiff in the foreclosure actions was the purchaser.   The petitioner alleges here that the land sold in action No. 1 for $500 was worth at the time of the sale upwards of $38,000, and

the land sold in action No. 2 for $1,000 at the time of the sale was worth upwards of $13,000. After the sale at foreclosure the plaintiff sold some of the lots and has received and retains the purchase price. The petitioner has a judgment for upwards of $9,000 against the Bay View Heights Land Company, which was docketed one day after the *lis pendens* was filed in the foreclosure actions; consequently he was not made a party defendant, and it appears that he had no knowledge of the foreclosure actions or of the sale of the land in question until a short time prior to the making of this motion. The proof is abundant that the sale was for a sum which was grossly inadequate. That is not, however, unusual, as plaintiff was the only bidder at the sale, and it was unnecessary for him to bid more than a nominal sum. The mortgage foreclosed in action No. 1 was originally given for the sum of $168,750. It had been reduced prior to the foreclosure to $26,500. The mortgage foreclosed in action No. 2 was given in November, 1917, and covered 123 unincumbered lots owned by the defendant. The mortgage was given to secure the interest due and to become due upon the mortgage foreclosed in action No. 1. By reason of that mortgage the plaintiff obtained a first lien upon certain of the defendant's real estate. The president of the plaintiff corporation was at the time of the execution of the small mortgage a director in the defendant corporation, and it is asserted here by the petitioner that at the time this mortgage was given the consent of the defendant stockholders to mortgage was not given pursuant to section 66 of the Stock Corporation Law. It is urged, therefore, that this mortgage is void — *first,* for lack of consideration; *second,* that by reason of the relation of the president of plaintiff corporation to the defendant corporation there was a constructive fraud in

giving the small mortgage, and, *third,* for failure to obtain the consent of defendant stockholders.

I am satisfied that the petitioner has shown enough upon this application to warrant the court in ordering a resale of the premises foreclosed in action No. 1 and in vacating the judgment in action No. 2 and permitting the petitioner to come in and defend that action. There is no question but that the petitioner has a standing in this court for the purpose of this motion. *Goodell* v. *Harrington,* 76 N. Y. 547; *Matter of Fuller* v. *Brown,* 35 Hun, 162. It is apparent, therefore, that the petitioner is entitled to relief not only because it appears that in both actions the sales were for sums grossly inadequate, but also because it appears that there is a substantial defense to the mortgage sought to be foreclosed in action No. 2. Those who bought lots from the purchaser at the foreclosure sale had no notice of this application. They acted in good faith, relying on the judgment of this court, and have paid the amount of the purchase price. The court has power in granting an application of this kind to preserve the rights of those who purchased in good faith, without knowledge of any irregularity. *Matter of Fuller* v. *Brown,* 35 Hun, 162; *Hale* v. *Clauson,* 60 N. Y. 339; *Weeks* v. *Weeks,* 106 id. 629.

The motion will therefore be granted to the following extent: In action No. 1 a resale of the premises, except the lots sold by the purchaser at foreclosure, will be ordered. In action No. 2 the judgment will be vacated in all respects except as to the lots which were sold by the purchaser at foreclosure to the parties who have no notice of this proceeding, and, as to those lots, the judgment and sale by the referee will be confirmed. The summons and complaint in action No. 2 will be amended by adding the name of the petitioner as a party defendant, and leave is granted to him to

answer within twenty days. In view of the unusual situation disclosed upon this motion, it is rather difficult to impose terms which would be just as between the petitioner and the plaintiff. I am aware that the usual practice on applications of this character is to require of the moving party an undertaking sufficient in amount to insure against loss caused by a resale. But it is apparent here and all concede in effect that the sale was for an amount grossly inadequate. Such an undertaking would therefore avail the plaintiff nothing. I doubt whether the premises foreclosed would furnish adequate security for the mortgages. Therefore, as evidence of his good faith in making these applications, the petitioner will be required to furnish some additional security to meet, in part at least, any deficiency which plaintiff may suffer. The terms imposed upon the petitioner as a condition for granting these motions are as follows: (1) That he give an undertaking in the sum of $1,000, conditioned upon the payment of any deficiency not exceeding that sum which plaintiff may suffer in action No. 1; (2) that he give an undertaking in the sum of $500, conditioned upon the payment of any deficiency not exceeding that sum which plaintiff may suffer in action No. 2; (3) that he pay to the plaintiff all costs and disbursements taxed in both actions, including the ·fees and disbursements of the referees; (4) that he pay to plaintiff $10 costs of each motion. The orders to be entered hereon will provide that the amount received by plaintiff from the purchasers subsequent to the foreclosure sale will be credited upon the judgment recovered in action No. 1, and, in the event that plaintiff is successful in action No. 2, a like course will be pursued. If, however, plaintiff is not successful in action No. 2, the parties will be left to their legal or equitable remedies with relation to the amount paid

to the plaintiff upon the lots foreclosed in action No. 2. If the terms imposed herein are not complied with, the motions are denied, with ten dollars costs in each action.

Ordered accordingly.