STANLEY MISIASZEK, Plaintiff, *v.* JOHN ROBERTS or JOHN ZAJAC, Defendant.

HYMAN S. SLAKTER and Others, Appellants; JOHN ROBERTS or JOHN ZAJAC, Respondent.

Fourth Department, January 14, 1925.

**Mortgages — foreclosure — property held by mortgagor and wife as tenants by entirety — after sale referee reported to court that mortgagor employed attorney, who, instead of representing him, appeared at sale as attorney for purchaser — sale was set aside on recommendation of referee without hearing on question of attorney's fraud — order reversed for failure to bring in mortgagor's wife and for failure to have hearing on question of fraud — inadequacy of price cannot be considered by Appellate Division in absence of evidence.**

An order setting aside a mortgage foreclosure sale upon the recommendation of the referee made to the court after the sale based on the alleged statement of

27

the mortgagor to, the referee that the mortgagor employed an attorney to represent him in the proceedings and that the attorney, instead of appearing for the mortgagor, was present at the sale as a representative of the purchaser, and based on the further ground that the price was inadequate, is reversed on the ground that there should have been a hearing on common-law proof before the court or a referee as to the alleged conduct of the attorney and that the statement of the mortgagor was not legal evidence of such fraud, and for the further reason that the mortgagor's wife, though not originally a necessary party to the action, has an interest in the rents collected by the purchaser between the time of the sale and the order setting the sale aside and should have been made a party to this motion.

The Appellate Division does not pass upon the question of the alleged inadequacy of price, for what the purchaser paid for was the right to use an undivided half of the property during the joint lives of the mortgagor and his wife, and to receive the fee in case he survived the wife, and there is no evidence of the rental value of the property, nor of the respective ages and conditions of health of the husband and wife, nor of any other matters which might bear upon the point.

APPEAL by Hyman S. Slakter and others from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 5th day of October, 1923, in proceedings instituted by William R. Lee, referee on mortgage foreclosure, setting aside the foreclosure sale in the above-entitled action, adjudging the referee's deed null and void and ordering a resale of the premises.

*George M. Speaker,* for the appellants.

*S. Sheldon Judson,* for the respondent.

CROUCH, J.:

John Zajac, otherwise Roberts, and his wife owned certain real property as tenants by the entirety.

Zajac alone gave a mortgage thereon to Stanley Misiaszek. This action was brought to foreclose that mortgage. Judgment was entered, a sale was made by the referee therein named, a deed was delivered by the referee to one Hyman S. Slakter, assignee of J. B. Slakter, the successful bidder, at $826, and from the proceeds the amount due plaintiff was paid. The record here does not show whether the usual report of sale was made and filed by the referee nor whether the sale was confirmed. For seven months following the sale, Zajac continued to occupy a part of the premises, his wife being in an insane asylum. The rents were apparently collected by the foreclosure purchaser.

Thereupon the referee presented to the court a report, verified by him as " true to his own knowledge," which, after briefly stating the facts relating to the foreclosure sale, says Zajac subsequently informed the referee in substance that having had his attention called to the advertisement of sale, he had gone to an attorney

named Speaker and paid him ten dollars to investigate the matter; that Speaker had done nothing in Zajac's behalf, but on the contrary, in the absence of Zajac, had attended the sale with, and as attorney for, one J. B. Slakter, who became the purchaser. The report further stated that the property was worth at least $12,000 and recommended that the sale be set aside and that Speaker, J. B. Slakter, the purchaser, and Hyman Slakter, the assignee, be ordered to show cause why the recommendation should not be carried out.

A show cause order was thereupon made and served. Upon the return thereof, each of the three persons cited filed an affidavit denying the charges made and giving an entirely different version of the matter.

The court, without other evidence so far as the record shows, although Zajac is recited as having appeared in person, made an order dated about two months after the hearing, by which the sale was set aside, the referee's deed declared null and void, the mortgagee directed to return the money paid him, the referee directed to adjust with the purchaser his accounts for rent received and disbursements for taxes and upkeep made, and to pay back to Slakter, the purchaser, the amount of the purchase price, with interest, and then to resell.

The appeal is from that order. Zajac, although he was not formally a party to the proceeding below, appears here as respondent by counsel and files a brief. The plaintiff in the foreclosure action, who is required by the order to pay back the amount received by him, was not made a party to the proceeding, but there is a stipulation signed a month after the hearing by his attorney in that action consenting that the sale be set aside.

The court, by reason of its control over its own judgments, and the proceedings thereunder, has a wide discretion on an application of this character. (*Hale* v. *Clauson*, 60 N. Y. 339; *Fisher* v. *Hersey*, 78 id. 387.) And from an order granting a resale no appeal ordinarily lies on the merits unless there has been an abuse of discretion. (*Goodell* v. *Harrington*, 76 N. Y. 547; *Farmers' L. & T. Co.* v. *Bankers & M. T. Co.*, 119 id. 15, 24.) Where there has been fraud, mistake, misconduct or surprise casting suspicion on the fairness of the sale (*Fisher* v. *Hersey, supra*), or such inadequacy in price as to shock the conscience of the court (*State Realty & Mortgage Co.* v. *Villaume*, 121 App. Div. 793, 795), there can be no justifiable claim that discretion has been abused.

But we think the case here falls outside those settled rules. The procedure followed is so unusual that no precedent for it has been cited or found. Ordinarily, the only person who may ask to have

a sale set aside is one whose rights have been injuriously affected (*Goodell* v. *Harrington, supra;* Wiltsie Mort. Forecl. [3d ed.] § 620.) And under elementary principles all those who have an interest should be given notice and an opportunity to be heard. The person said to have been aggrieved here is Zajac. But he was not the applicant nor was he invited to come in. By his voluntary appearance at the hearing, that difficulty perhaps is remedied; and from the fact that he is here by counsel seeking affirmance we may infer that he is satisfied with the order made and is able to comply with its terms. As to Misiaszek, the plaintiff in the foreclosure action, if the stipulation of his attorney is sufficient to bind him in this proceeding, the omission to make him a party is excused. There still remains unrepresented the insane wife, who, though not originally a necessary party, has an interest in the collected rents and would be a proper party, if an accounting and distribution thereof is to be ordered. (*Hiles* v. *Fisher,* 144 N. Y. 306.)

As to the merits of the charge of fraud or misconduct, we say nothing except that what Zajac told the referee as stated in the latter's report is hardly to be considered as evidence; and there is nothing else. Zajac's story lacks the sanction of an oath. Even though he had told that story in the form of an affidavit, the case would have presented a question of fact so serious in its outcome to an officer of this court as to render cross-examination essential. There ought, therefore, to have been a hearing on common-law proof before the court or a referee. (*Neal* v. *Gilleran,* 123 App. Div. 639, 641.)

Nor can we deal with the question of the alleged inadequacy of price. What the purchaser paid for was the right to use an undivided half of the property during the joint lives of Zajac and his wife, and the fee in case he survived her. There is no evidence of the rental value of the property, nor of the respective ages and conditions of health of the husband and wife, nor of any other matters which might bear upon the point.

The order should be reversed, with ten dollars costs and disbursements, without prejudice to a renewal of the application in proper form.

HUBBS, P. J., CLARK, DAVIS and SEARS, JJ., concur.

Order reversed, with ten dollars costs and disbursements, without prejudice to a renewal of the motion upon proper papers.