GERTRUDE HIMMELMAN, Respondent, *v.* CAPITAL CITY SURETY COMPANY, Appellant, Impleaded with 540 WEST 146TH STREET, INC., and Another, Defendants.

First Department, April 30, 1926.

**Mortgages — foreclosure — third mortgage foreclosed was guaranteed by appellant — bidder on sale was relieved on ground that amount of second mortgage was misstated — order directed said bidder be paid expenses — no notice of application or entry of order was given appellant guarantor which had filed notice of appearance — appellant is not chargeable with expenses of first purchaser.**

The guarantor of a third mortgage which was foreclosed and the premises sold is not liable for the expenses of the purchaser on the first sale incurred in being relieved of his bid because of a misstatement of the amount of the second mortgage, for no notice of the application to relieve the first purchaser or the entry of the order was given the appellant, which had filed a notice of appearance demanding notice of all proceedings.

APPEAL by the defendant, Capital City Surety Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of May, 1925, upon the decision of the court rendered after a trial at the New York Special Term, in an action to foreclose a mortgage on real property, with notice of intention to bring up for review an order entered in said clerk's office on the 8th day of May, 1925, confirming the referee's report.

*Teitelbaum & Jay* [*Louis Jay* of counsel], for the appellant.

*Ralph Honig* [*Harold R. Medina* of counsel; *Leander I. Shelley* with him on the brief], for the respondent.

CLARKE, P. J.    The premises are at the corner of Broadway and Spring street and known as 530 Broadway, in the city of New York.    Plaintiff is the third mortgagee.    The face of the first mortgage is $1,500,000 and the face of the second mortgage for $250,000.    The third mortgage was to secure a loan of $10,000. At the time the third mortgage was executed the appellant guarantor, Capital City Surety Company, executed a bond in the amount of $11,000 agreeing that it should " well and truly hold harmless the said plaintiff herein from any and all costs, damages, interests and expenses resulting from any deficiency which may arise from the foreclosure of the above described mortgage and sale of the above described premises."

On January 18, 1924, a foreclosure of a prior mortgage on which there was then due $125,000 was commenced.    Because of such foreclosure the plaintiff declared her mortgage due and demanded payment of the $5,000 due thereon.    Notice was given as required in the bond to the appellant.    Judgment was asked for the foreclosure of the mortgage and for a deficiency judgment against 540 West 146th Street, Inc., and the Capital City Surety Company. A notice of appearance was interposed by the Capital City Surety Company requiring notice of all proceedings.    Judgment of foreclosure was entered on June 3, 1924, by the terms of which a balance of $5,103 was found to be due the plaintiff, together with costs. Sale was decreed and the usual directions given to the referee. It also provided that any deficiency on the sale should be charged to defendants 540 West 146th Street, Inc., and the Capital City Surety Company.    The form of the judgment was approved by the attorneys for the appellant.    Subsequently a notice of sale was given for July 29, 1924.    In such notice of sale the amount of the lien for which the property was being sold was stated to be $5,103, with interest from May 19, 1924, and costs and allowance amounting to $268.30 with interest from June 12, 1924,

together with the expenses of the sale. The premises were stated to be sold subject to a first mortgage of $1,595,000 and accrued interest and a second mortgage of $125,000 and accrued interest, subject to the fact that an action is pending to foreclose the second mortgage and that a receiver was appointed to collect the rents. On August 26, 1924, the premises were struck off to Nathan Glassheim by the referee for $6,000. Glassheim, on November 11, 1924, obtained an order to show cause seeking to be relieved from the purchase upon the ground that the mortgage of $125,000 stated to be the second mortgage was in reality $149,169.11. No notice of the application to compel the purchaser to complete nor of the purchaser to be relieved was given to the appellant, that is the surety company. The motion to compel the purchaser to complete was denied and the motion of the purchaser to be relieved was granted, the court being of the opinion that the statements in the notice of sale were incorrect and misleading. December 30, 1924, an order was entered granting the motion of the purchaser to be relieved. No notice was given to the appellant of the entry of such order. Under the terms of such order the sum of $367 was ordered to be paid to the attorneys for the purchaser at the first sale as counsel fee and return of auctioneer fee. February 18, 1925, the premises were again advertised for sale and the 18th of March, 1925, was fixed as the date for such resale. On the second sale the sum of $200 was received as a bid and the property was struck down to one Nestler, who completed.

In the report of sale the referee states that a deed was made subject to a first mortgage now reduced to $1,518,333.34 and accrued interest, a second mortgage of $125,000 and accrued interest, additional charges of $24,169.11 and accrued interest advanced by the second mortgagee for the payment of interest on the first mortgage and taxes on the premises.

When the motion was made to confirm the referee's report the appellant objected to the confirmation stating that on the original sale there was a person who bid within less than $100 of the successful bid; that no notice was given of the application to confirm or be relieved so that the rights of the appellant were prejudiced and it was requested of the court that before any deficiency judgment was entered the court order a reference or itself determine on testimony the amount of damage that the appellant suffered because of the failure to properly state in the notice of sale the facts with respect to the property. The court made an order confirming the referee's report and upon such order a deficiency judgment of $6,533.26 was entered against the appellant. The appellant contends that the appellant has been prejudiced by the

resale, and the court should have ordered a reference to determine the amount of damage which the appellant has suffered through the improper notice of sale.

It seems to me that the only real question presented upon the appeal is whether the item of $367 repaid to the first purchaser was properly included in the present deficiency judgment. No notice of these proceedings under which the original purchaser was relieved of his bid was served upon the appellant, although it had filed a notice of appearance demanding notice of all proceedings. I fail to see how it could be made responsible for the acts which caused this payment of $367 and I think that was improperly charged against it. It seems to me that this appellant should not be called upon to pay for the expenses incurred on the abortive first sale.

The judgment should be modified by reducing the amount thereof by $367, and as so modified the judgment and order appealed from are affirmed, with costs to the appellant.

DOWLING, FINCH and MCAVOY, JJ., concur.

Judgment modified by deducting therefrom the sum of $367, thereby reducing the judgment as entered to the sum of $6,166.26, and as so modified affirmed, with costs to the appellant.