Isabella Hamilton, Appellant, *v.* Louis Hittleman and Another, Respondents, Impleaded with A. & A. Construction Corporation and Another, Defendants.

First Department, November 2, 1928.

*Ralph C. Taylor* of counsel [*Clarence B. Plantz* with him on the brief; *Abner C. Surpless*, attorney], for the appellant.

*Leon Morris* of counsel [*Morris & Morris*, attorneys], for the respondent Charles Finder.

Finch, J. The plaintiff in a foreclosure action moved to confirm the report of sale of the referee. The court ordered instead that the sale be vacated and a resale had.

The impelling reason which was the cause of the result reached lay in the fact that the plaintiff had bid in the property for the sum of $11,500 on this sale, whereas on a previous sale of the same property, which sale was subsequently vacated because there had been a defect of parties (the plaintiff having failed to make a second mortgagee a party), plaintiff had bid it in for the sum of $13,300. Upon the hearing of the motion, the respondent (the second mortgagee, Finder) urged that since the first sale had been set aside owing to the alleged negligence of the plaintiff in not having made the second mortgagee a party to the action, plaintiff should have bid the same amount upon the second sale. There are two answers to this contention. In the first place, only those persons whose

rights have been injuriously affected are entitled to have a judicial sale set aside. (*Goodell* v. *Harrington*, 76 N. Y. 547; *Misiaszek* v. *Roberts*, 211 App. Div. 417; 2 Wiltsie Mort. Forec. [4th ed.] § 736.) Neither on the first nor on the second sale was the price bid sufficient to produce a surplus. Even at the price of $13,300 (the amount bid on the first sale) there was still not enough received to pay the amount of the first mortgage with interest, taxes and expenses, so that neither on the first nor the second sale would the second mortgagee have received anything. Since, therefore, the defendant second mortgagee, Finder, was not injured in any way by the plaintiff's bidding, his request that the sale be set aside must be denied.

So far as the defendant Hittleman (the owner of the premises) is concerned, he received notice of the application made by the plaintiff to set aside the first sale and to vacate the judgment. Said defendant also received notice of the entry of the order of the court requiring a resale. This defendant, having knowledge of the proceedings, knew that a second sale would occur which would be conducted by the referee solely pursuant to the provisions of the judgment. If this defendant wished certain conditions imposed as conditions necessary for a resale, he should have appeared and requested the imposition of such conditions upon the resale, and if aggrieved by the order as entered his remedy was to appeal. The position of this defendant is that he never even appeared and asked upon the hearing what he is now complaining he did not obtain. Nor would the average man have acted differently from this defendant, since at the time of the vacation of the order he knew that there was a deficiency judgment and that upon a resale there was the hope that the property might bring a higher price. It is trite but apposite to say that the sale in any event must be pursuant to the terms of the order (*Himmelman* v. *Capital City Surety Co.*, 216 App. Div. 418; appeal dismissed, 244 N. Y. 540), and where no conditions upon the sale were imposed in the order, none exist. Where a sale in a mortgage foreclosure is set aside and a resale ordered, the proceedings upon the resale are *de novo* and as though the first sale had never taken place. (*Williamson* v. *Dale*, 3 Johns. Ch. 290; 2 Wiltsie Mort. Forec. [4th ed.] § 768.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to confirm the report of the referee granted.

DOWLING, P. J., McAVOY, MARTIN and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.