Burke, J.
Applicants to intervene appeal, pursuant to leave granted by the Appellate Division, Second Department, from an order of that court which affirmed an order of Special Term, Westchester County, granting plaintiff’s motion to confirm the Referee’s report of sale in this mortgage foreclosure action, and denying appellants ’ motion to intervene. The following question was certified: “ Was the order of this court, dated July 12,1965, correctly made ? ’ ’
Appellants Nesmith are judgment creditors of defendant Sam and A1 Realty Co., Inc., and appellant Vucker holds a promissory note made by that defendant upon which an action has been commenced. It is alleged by the appellants that, while Nesmiths’ action was pending, Sam and A1 Realty Co., Inc., conveyed the real property here in question to a newly formed corporation with no consideration for the transfer. The grantee *301 corporation is White Plains Realty Co., Inc., the present holder of the equity of redemption in the mortgage foreclosure action before us. The transfer allegedly rendered Sam and A1 Realty judgment proof. There is presently pending a fraud on creditors action brought by the appellants. If it is successful, it will put Sam and A1 Realty in the position of succeeding to White Plains Realty’s claim to surplus money as holder of the equity of redemption in the foreclosure proceedings.
The foreclosure judgment ordered the Referee to sell the realty “ subject to unpaid taxes ”. The sale was held and after the purchase by the highest bidder the Referee paid the mortgage claim, as well as other costs of the action and expenses of the sale. At this point there was a sum of $4,158.27 remaining in the hands of the Referee. This sum was then used by the Referee to pay taxes and tax liens against the property. A motion to confirm the Referee’s report of the sale was brought on at Special Term, the holder of the equity of redemption, White Plains Realty, joining with the other parties in support of the motion. The appellants sought to intervene and oppose the motion on the ground that the Referee wrongfully considered the taxes as expenses of the sale, in direct contradiction to the directive of the judgment of foreclosure that the sale be made “subject to unpaid taxes”. They contend that the tax payments are properly surplus money to which the holder of the equity of redemption is entitled. Special Term noted that the appellants did not assert claims as direct creditors of the record holder of the equity of redemption. For these reasons, and because the holder of the equity did not object to the alleged misconduct of the Referee, the court ruled that it was “ without power to permit applicants to intervene in this action at this time.” The Appellate Division affirmed on the ground that the appellants’ interest is “too remote from this foreclosure action.”
The question of law involved in this appeal is whether or not the appellants’ interest is too remote for the Trial Judge to have allowed tlieir intervention. The Judge did not deny their application in the exercise of his discretion, but ruled that he did not have the power to allow the intervention. The Appellate Division affirmed this ruling, again not on his proper exercise of discretion, but rather on the ground that as a matter of *302 law their interest was too remote. This is the question certified for appeal.
The case of Goodell v. Harrington (76 N. Y. 547 [1879]) is here directly in point. There the trial court allowed an intervention by a judgment creditor of the equity holder’s grantor. The intervenor alleged that the conveyance was fraudulent as to his claim. The Trial Judge set aside the mortgage sale and ordered a resale, and the Court of Appeals held that the Trial Judge had the power to allow the intervenor’s motion for his interest ivas sufficient because of the fact that the property constituted a fund from which he might satisfy his judgment if he prevailed on the fraudulent conveyance claim.
The Goodell case is controlling. The intervenor in both cases is a creditor of the person who has conveyed the subject property, allegedly by a fraudulent conveyance, to the holder of the equity of redemption. In the present case it appears that the payment of taxes by the Referee contrary to the foreclosure judgment was an act beyond his power, and that the appellants have such an interest under Goodell as would allow them to intervene in the proceedings to oppose this unauthorized payment.
The courts below were in error in holding that there was no power to allow any of these appellants to intervene. Therefore, the motion should be granted and the order confirming the Referee’s report should be set aside.
The order of the Appellate Division is reversed, with costs, and the certified question answered in the negative.
Chief Judge Desmond and Judges Ftjld, Van Voorhis, Soiléppi, Bergan and Keating concur.
Order reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.