■ BANCPLUS MORTGAGE CORP., Respondent, v HUE R. GALLOWAY et al., Defendants, DEIDRE GALLOWAY, Appellant, and METROPOLITAN HOMES, INC., Intervenor-Respondent. [610 NYS2d 60] —In an action to foreclose a mortgage, the defendant Deidre Galloway appeals from so much of an order of the Supreme Court, Kings County (Ramirez, J.), entered March 19, 1992, as, upon reargument, denied her motion to vacate the judgment of foreclosure and sale.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

This appeal has its genesis in a mortgage foreclosure action involving property located in Brooklyn. In 1990 the mortgage holder, Bancplus Mortgage Corp. (hereinafter the Bank) commenced a foreclosure action against, inter alia, the defendant Deidre Galloway, one of the record owners of the property. However, Galloway neither appeared nor interposed an answer in the proceeding.

In September 1990 Galloway deeded her interest in the property to her son, Ian Galloway. The foreclosure action proceeded to judgment on March 15, 1991. Thereafter, the property was sold at auction and a Referee's deed was executed to the buyer, Metropolitan Homes, Inc. (hereinafter Metropolitan).

On September 25, 1991, Galloway moved to vacate the judgment of foreclosure and sale, arguing that she had never been served with process. Metropolitan opposed the motion, and sought permission to intervene in the action. In November 1991 the court set the matter down for a hearing, and also

granted the cross motion to intervene. On December 23, 1991, a hearing was held and Galloway's claim that she was never properly served was sustained.

In January 1992 Metropolitan moved for reargument. Metropolitan argued that since Galloway had deeded her interest in the property to her son, prior to the entry of the foreclosure judgment, she no longer had any ownership interest in the property, and thus no standing to contest the foreclosure. Upon reargument, the Supreme Court denied the motion to vacate the judgment of foreclosure and sale. We now affirm.

It is undisputed that Galloway, as a fee owner of the property, was an indispensable party to the foreclosure action (see, RPAPL 1311 [1]). Since she was never properly served, the default judgment was not binding upon her (see, *Royal Zenith Corp. v Continental Ins. Co.,* 63 NY2d 975; *Berlin v Sordillo,* 179 AD2d 717, 719).

Nevertheless, since Galloway transferred her entire interest in the subject property during the pendency of the foreclosure action, she lacked any standing to challenge the subsequent judgment of foreclosure and sale, or to otherwise seek redemption of the property (see, *First Fed. Sav. & Loan Assn. v Smith,* 83 AD2d 601, 602). "[O]nly those persons whose rights [are] injuriously affected [by a foreclosure sale claimed to be voidable or invalid] are entitled to have a judicial sale set aside" (*Hamilton v Hittleman,* 224 App Div 390, 391; *see also, Goodell v Harrington,* 76 NY 547; 79 NY Jur 2d, Mortgages, § 707, at 65). Therefore, since Galloway no longer had an interest in the property at the time a judgment of foreclosure and sale was entered, she possessed no rights which could have been adversely affected thereby. Under these circumstances, she had no standing to challenge the judgment of foreclosure and the Supreme Court properly denied her motion to vacate the judgment. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.