■ In the Matter of ROBERT J. DUFFY, Respondent. DUFFY, INC., Appellant. — Order, Supreme Court, New York County (Thomas B. Galligan, J.), entered April 12, 1983, which directed the valuation of stock, is unanimously reversed, on the law, and the matter is remanded for further proceedings not inconsistent herewith, without costs. Duffy, Inc., is a New York corporation which designs and plans interior commercial office space. This business has a nationwide clientele and is prosperous. Two brothers, Robert J. and J. O'Neill Duffy, each own 50% of the corporate shares. In 1982 a long-standing dispute between the brothers over the operation of the business resulted in Robert J. Duffy (Robert) petitioning the court, pursuant to section 1104 of the Business Corporation Law, for a judicial dissolution of the corporation and the temporary appointment of a receiver. J. O'Neill Duffy (O'Neill) served and filed an answer in opposition. Special Term ordered a stock valuation, pursuant to section 1118 of the Business Corporation Law. O'Neill appealed. We hold that Special Term erred. A stock valuation can be directed when either the proceeding is instituted under section 1104-a of the Business Corporation Law; or, an election has been made under subdivision (b) of section 1118 of the Business Corporation Law by a shareholder to buy out the other shareholders; or, an application has been made to stay the dissolution proceeding. Our review of the record in this case reveals that none of these factors is present herein, since Robert instituted his proceeding under section 1104, not under section 1104-a; neither Robert nor O'Neill has made an election to buy the other shareholder out; and, no one has moved to stay dissolution. During the pendency of this appeal, counsel for petitioner-respondent Robert has advised this court that Robert "does not oppose reversal of" Special Term's order. Concur — Sullivan, J. P., Ross, Carro, Asch and Bloom, JJ.