■ IRVING WOLFF, Appellant-Respondent, v BERNARD WOLFF et al., Respondents-Appellants.—Judgment, Supreme Court, New York County (Tyler, J.), entered March 27, 1985, which, *inter alia,* dismissed the complaint and refused to compel judicial dissolution of Hot Coffee Vending Service, Inc., and instead directed the other shareholders to purchase plaintiff's shares of stock in said corporation at fair value, unanimously modified, on the law and the facts, without costs or disbursements, to the extent of directing that defendant Bernard Wolff transfer his title to the premises known as 2421 McDonald Avenue to Hot Coffee Vending Service, Inc., and except as thus modified, affirmed.

After review of the record we affirm Trial Term's findings of fact and conclusions of law made after a trial of this action in which plaintiff, one of four siblings who, through their close corporation, operated a family owned business, claimed that he had been wrongfully "frozen out". One modification, however, is in order. Trial Term found that a brother, Bernard, had violated his fiduciary duty by purchasing the McDonald Avenue property for himself, rather than for the corporation. Although this finding is amply supported by the evidence, the court bypassed the corporation and directed that Bernard give a one-quarter interest in the property to each of his two brothers and sister. In effect, the court declared a corporate dividend to the four shareholders. In the circumstances there was no justification for ignoring the corporate structure under which the parties functioned. Since Trial Term specifically found that Hot Coffee was not, as plaintiff alleged, a joint venture nor a partnership, but a duly constituted corporation, the court should have directed a transfer of the property to the corporation. We modify accordingly. Concur—Sullivan, J. P., Carro, Fein, Milonas and Ellerin, JJ.