■ In the Matter of AISHA S. PARVEEN, Respondent. HINA PHARMACY, HEALTH & BEAUTY AIDS, INC., Appellant. [687 NYS2d 90] —Judgment, Supreme Court, New York County (Stephen Crane, J., upon the decision of Stuart Cohen, J., rendered after a non-jury trial), entered February 6, 1998, granting petitioner's application for judicial dissolution of the respondent corporation pursuant to Business Corporation Law § 1104 (a) (1) and (3), unanimously reversed, on the law, without costs, the application denied and the petition dismissed without prejudice to commencement of a new proceeding under Business Corporation Law § 1104-a.

Respondent Hina Pharmacy, Health & Beauty Aids, Inc. (the Corporation) operates a pharmacy at 1974 Second Avenue.

Petitioner Aisha S. Parveen (Aisha)* claims to own 50% of the outstanding shares as assignee of her husband Syed Parveen (Syed). Majid Mohammed (Majid) claims to own 100% of the shares as assignee of his brother Azam Mohammed (Azam). The trial court credited Aisha's ownership claim, which we find to have been fully supported by the record. However, respondent is correct that the petition did not satisfy the conditions for dissolution set forth in Business Corporation Law § 1104 (a) (1) and (3).

The following facts were adduced at trial. According to Syed, Farad Mohammed (Farad), the brother of Azam and Majid, approached Syed in 1988 about opening a pharmacy together. Syed, an experienced pharmacist, would mainly contribute his expertise, while the other party would make the major capital contribution, and each would have a 50% ownership interest. The Parveens contributed $7,000 to the business and the Mohammeds $120,000. Farad assigned his shares to Azam and Syed assigned his to Aisha. Majid purchased Azam's interest in 1996.

The relationship between the parties eventually broke down over the issue of Syed's obligation to make more capital contributions to the business. Syed claimed that the Mohammed brothers refused to pay him 50% of the profits, as they had allegedly agreed, and only gave him and his wife 20%. Azam testified that the parties renegotiated Syed's compensation in 1990. Syed purportedly agreed to work for 20% of the profits plus a salary, on condition that he stayed for three years. Syed eventually left in 1994, after being paid according to this system for three years.

Petitioner submitted various documents that supported her claim of 50% ownership, including a 1996 Medicaid Provider Application and three stock certificates issued to Majid, Azam and Aisha. In addition, the 1996 purchase agreement, whereby Majid bought out Azam's interest, stated that he was buying a 50% interest in the Corporation, not 100% as he claimed at trial. Based on this evidence, the trial court properly deemed Aisha a 50% owner who was entitled to bring a Business Corporation Law § 1104 action for dissolution.

Nevertheless, the court erred in granting the petition. Business Corporation Law § 1104 is designed to allow dissolution of a corporation where the directors are deadlocked. Permissible grounds are:

---

* Because several parties have the same last name, we refer to them by their first names for convenience only, and mean no disrespect.

"(1) That the directors are so divided respecting the management of the corporation's affairs that the votes required for action by the board cannot be obtained.

"(2) That the shareholders are so divided that the votes required for the election of directors cannot be obtained.

"(3) That there is internal dissension and two or more factions of shareholders are so divided that dissolution would be beneficial to the shareholders." (§ 1104 [a].)

This section is inapplicable to the Corporation in the case at bar. Aisha's petition merely alleged that there was only one shareholders' meeting since the inception of the venture and that financial information was not regularly disseminated by Azam to the Parveens. However, mere failure to hold shareholders' meetings is not sufficient grounds for dissolution (*Matter of Nelkin v H.J.R. Realty Corp.*, 25 NY2d 543, 549). Business Corporation Law § 1104 requires a showing of deadlock, but there can be no deadlock where, as here, the contending factions have not even attempted to elect directors (*Matter of Nelkin v H.J.R. Realty Corp.*, *supra*, at 550). Similarly, Aisha's claim that one 50% shareholder, Azam, exercised sole control over the daily management of the Corporation does not create a cause of action for dissolution, because there are no allegations that Azam's control gave rise to deadlock over a management decision (*Matter of Dubonnet Scarfs*, 105 AD2d 339, 342).

Petitioner's action should have been brought under Business Corporation Law § 1104-a (a) (1). Pursuant to this section, the holders of 20% of the voting shares of a non-public, non-investment company may petition for dissolution on the grounds that "[t]he directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders." A claim for dissolution under Business Corporation Law § 1104-a (a) (1) may be based on the complaining shareholder's frustrated expectations in such matters as continued employment or a share in the profits and management of the corporation, such that she feels that the other shareholders have deprived her of a reasonable return on her investment (*see, e.g., Matter of Kemp & Beatley,* 64 NY2d 63, 72-73).

Moreover, by contrast to actions under Business Corporation Law § 1104, the court has discretion to fashion a less drastic alternative remedy (*compare, Greer v Greer*, 124 AD2d 707, 708, *appeal dismissed* 69 NY2d 900). For instance, rather than dissolve a viable ongoing business, the court may order the other shareholders to buy out the petitioner's ownership inter-

est pursuant to Business Corporation Law § 1118 (*Wolff v Wolff*, 112 AD2d 850, *affd as mod* 67 NY2d 638). As this appears to be the relief petitioner is seeking, an action under Business Corporation Law § 1104-a seems most appropriate. Concur— Sullivan, J. P., Rosenberger, Tom and Lerner, JJ.