■ BELLCO DRUG CORP., Respondent, v HINA PHARMACY et al., Respondents. EDWARD S. SAWCHUK, Nonparty Appellant. [719 NYS2d 563] —Order, Supreme Court, New York County

(Sheila Abdus-Salaam, J.), entered July 28, 1999, which, in an action for goods sold and delivered by plaintiff supplier against defendant pharmacy and the latter's court-appointed receiver, *inter alia*, (1) denied a motion by a 50% shareholder in the pharmacy (Aisha Parveen) (a) to vacate a prior order, same court and Justice, granting, on default, a motion by plaintiff for an order of seizure, and (b) to transfer the instant action to Justice Huff, who is presiding over a proceeding brought by Parveen seeking the pharmacy's dissolution, (2) granted plaintiff's cross motion for a default judgment, and (3) imposed a 22 NYCRR part 130 sanction against Parveen's attorney to the extent of directing him to pay $2,500 to the Lawyers' Fund for Client Protection, unanimously affirmed, insofar as it awarded a part 130 sanction, and the appeal otherwise dismissed as improperly taken only by Parveen's attorney, all without costs.

Parveen's attorney lacks standing to challenge Justice Abdus-Salaam's refusal to transfer the action to Justice Huff and her granting of a default judgment in favor of plaintiff. In any event, even if the appeal had been taken by Parveen, we would find that, as a result of this Court's reversal of Supreme Court's prior judgment dissolving the pharmacy (*Matter of Parveen*, 259 AD2d 389), there was, at the time plaintiff moved for an order of seizure, no related action pending, and thus no basis for vacating that order and transferring the motion therefor to Justice Huff pursuant to CPLR 2221. The part 130 sanction was properly imposed since Parveen, a nonparty, lacked standing to seek relief from the seizure order, did not seek leave to intervene, and failed to show that the pharmacy had a meritorious defense to plaintiff's motion for a seizure order. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.