■ In the Matter of MARION SAKOW, Appellant. 633 SEAFOOD RESTAURANT INC., et al., Respondents. [746 NYS2d 159]

This is an action seeking dissolution of a corporation pursu-

ant to Business Corporation Law § 1104. Petitioner alleged that she owned 50% of the stock, as required to demonstrate standing. The IAS court properly found, however, that one share of the stock claimed by petitioner had been sold, leaving petitioner short of the 50% stock ownership required, depriving her of standing to bring this action and requiring dismissal. Petitioner's conclusory claim that the share transfer was a sham did not raise issues of fact warranting a hearing (*see, Matter of Goodman v Lovett*, 200 AD2d 670, *lv dismissed* 84 NY2d 850). Having dismissed the petition, the IAS court sua sponte converted the proceeding to one brought under Business Corporation Law § 1104-a. The right of appraisal provided by Business Corporation Law § 1118 applies only where dissolution is sought under the oppression statute, Business Corporation Law § 1104-a (*Matter of Cristo Bros.*, 64 NY2d 975; *Matter of Duffy*, 97 AD2d 694; *Matter of Public Relations Aids*, 109 AD2d 502, 507). Petitioner sought statutory dissolution under a section which does not afford respondents a buy-out remedy. In her reply, petitioner specifically objected to consideration of her petition as one seeking relief under Business Corporation Law § 1104-a and denied she was subject to a buy out. The IAS court did not have the power to convert petitioner's action into a claim requesting relief she had not sought (*see, Fedele v Seybert*, 250 AD2d 519; *Matter of Parveen*, 259 AD2d 389). Since there was no appraisal remedy as the petition was properly dismissed, the enforcement proceedings were a nullity. Concur—Nardelli, J.P., Buckley, Ellerin, Lerner and Rubin, JJ.