■ NYCTL 1996-1 TRUST et al., Respondent, v ELSPETH KING et al., Respondents, RALPH CANNON, Appellant, et al., Defendants. [758 NYS2d 374] —In an action to foreclose a tax lien, Ralph Cannon appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 17, 2002, which granted the motion of Elspeth King and Superior Bank, FSB, inter alia, to vacate a judgment of foreclosure of the same court, entered May 26, 1999, and set aside the subsequent foreclosure sale and referee's deed.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment of foreclosure, the foreclosure sale, and referee's deed are reinstated.

Elspeth King was the owner of real property in Kings County subject to recorded real estate tax liens. In July 1997, the plaintiff, as purchaser of the tax lien, commenced this foreclosure action. King did not appear or interpose an answer. Consequently, on May 26, 1999, a judgment of foreclosure was entered against her, upon her default, and in November 1999 the property was sold to Jerome Reed at a foreclosure sale.

On December 30, 1999, King conveyed the property by quitclaim deed to Derek McKoy. McKoy mortgaged the premises and those mortgages were assigned to Superior Bank, FSB (hereinafter Superior Bank) on or about February 28, 2000.

On July 26, 2000, seven months after she conveyed the property to McKoy by quitclaim deed, King moved to vacate the default judgment, claiming she was never properly served with process. The motion papers were served upon the attorneys for the plaintiffs, the referee in foreclosure, Jerome Reed as grantee under the referee's deed, the appellant, Ralph Cannon, as grantee under a deed from Reed, and Cannon's attorney. On October 10, 2000, while that motion was pending, Superior Bank submitted an affidavit signed by its assistant counsel, stating that, as holder of two notes and mortgages made by Derek McKoy, it "hereby joins in the application of Elspeth King to set aside the default judgment of foreclosure and sale against her, so as to validate the ownership of Derek McCoy [sic] * * * and thereby the validity of the mortgages of Superior Bank." Superior Bank never moved to intervene in the action. After a hearing on the issue of service of process, a judicial hearing officer determined that King was not properly served.

By order to show cause dated February 13, 2002, King and Superior Bank moved for leave to renew the prior motion to vacate the default judgment of foreclosure and sale and to vacate "any deeds * * * issued pursuant to a void judgment of foreclosure and sale." Superior Bank claimed it was an "interested person" who had the authority to move to vacate a default judgment pursuant to CPLR 5015 (a) (4).

The order appealed from granted the motion "brought by defendant Elspeth King" to vacate the judgment of foreclosure and sale and the subsequent foreclosure sale. The Supreme Court noted in the order appealed from that "King has no claims against Reed and Cannon [who purchased the property from Reed] and in fact has no legal relationship with them [but] nevertheless maintains a right to bring this motion." The Supreme Court determined that the judgment of foreclosure and sale was void for lack of personal jurisdiction over King, and therefore King "can never be deemed a non-party and be denied standing in any action concerning the land." The court further found that "Superior, a successor in interest of the purchaser McKoy, now maintains superior title to the land."

Contrary to the determination of the Supreme Court, King lacked standing to contest the judgment and the subsequent foreclosure sale, since she had conveyed the property to McKoy

before she ever moved to vacate the judgment of foreclosure and sale (see *Bancplus Mtge. Corp. v Galloway,* 203 AD2d 222 [1994]; *First Fed. Sav. & Loan Assn. of Port Washington v Smith,* 83 AD2d 601 [1981]).

Superior Bank never moved to intervene in the action as an interested person pursuant to CPLR 5015 (a) (4) (*see* CPLR 1013). Accordingly, it is not entitled to any relief (*see Bellco Drug Corp. v Hina Pharmacy,* 279 AD2d 388 [2001]; *see also Friends of Keuka Lake v DeMay,* 206 AD2d 850 [1994]; *Lane v Lane,* 175 AD2d 103 [1991]; CPLR 5015 [a] [4]).

In view of the foregoing, the motion to vacate the judgment of foreclosure and set aside the foreclosure sale and referee's deed should have been denied. Prudenti, P.J., Krausman, Goldstein and Schmidt, JJ., concur.