■ NYCTL 1996-1 Trust et al., Respondents, v Elspeth King, Appellant, et al., Defendants. EMC Mortgage Corp., Proposed Intervenor-Appellant; Ralph Cannon, Nonparty Respondent. [787 NYS2d 61]—

In an action to foreclose a tax lien, the defendant Elspeth King and the proposed intervenor, EMC Mortgage Corp., appeal (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 9, 2003, which denied the motion of EMC Mortgage Corp., for leave to intervene in the action and to vacate a default judgment of foreclosure and sale dated May 26, 1999, and the subsequent foreclosure sale and deeds, and (2), as limited by their brief, from so much of an order of the same court dated February 9, 2004, as denied that branch of the motion of EMC Mortgage Corp. which was for leave to renew its prior motion.

Ordered that the appeals by Elspeth King are dismissed on the ground that she is not aggrieved by the orders appealed from (see CPLR 5511); and it is further,

Ordered that the orders are affirmed insofar as appealed from by EMC Mortgage Corp., with one bill of costs payable by EMC Mortgage Corp.

The Supreme Court providently exercised its discretion in denying EMC Mortgage Corp. (hereinafter EMC) leave to intervene in this action (see CPLR 1013; Vacco v Herrera, 247 AD2d 608 [1998]; Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737, 738 [1989]).

Contrary to EMC's contention, a prior determination of the Supreme Court, Kings County, that the former owner of the property at issue, Elspeth King, was not properly served in this action, did not constitute a "perpetual title defect." The defense of improper service of process in a foreclosure action is personal in nature and may only be raised by the party improperly served (*see Home Sav. of Am. v Gkanios,* 233 AD2d 422, 423 [1996]; 2 Bergman, New York Mortgage Foreclosures § 23.45). As this Court noted on the prior appeal in this action, at the time King raised this defense, she no longer had standing to contest the judgment of foreclosure and sale since she had conveyed the property by quitclaim deed (*see NYCTL 1996-1 Trust v King,* 304 AD2d 629 [2003]). Therefore, no determination should have been made with respect to the merits of the claim of defective service and the determination that service upon her was defective was of no legal significance. Ritter, J.P., S. Miller, Goldstein and Fisher, JJ., concur.