# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

682

CA 12-02215

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE EKELMANN GROUP, LLC, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

W. DEAN STUART, ALSO KNOWN AS WARREN DEAN STUART,
MARGO J. STUART, CRYSTAL VALLEY FARMS,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 2.)

---

THE SNAVELY LAW FIRM, PAINTED POST (MICHAEL WEGMAN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HISCOCK & BARCLAY, LLP, SYRACUSE (J. ERIC CHARLTON OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County (Peter
C. Bradstreet, A.J.), entered September 18, 2012. The order, among
other things, appointed a referee.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant W. Dean Stuart, also known as Warren Dean
Stuart (Stuart), was variously the mortgagor, borrower, or debtor on
several mortgages and promissory notes that were assigned to National
Loan Investors, L.P. (NLI) in 1996. All of those documents were
subsequently consolidated into a single note and single mortgage
(collectively, loan documents) in 2006, at which time defendants Margo
J. Stuart and Crystal Valley Farms also became obligated thereunder,
together with Stuart (collectively, defendants). Defendants often
defaulted on their obligations under the loan documents, and NLI
entered into "forbearance agreements" with defendants or was otherwise
lenient in enforcing the terms of the loan documents. In 2011 the
loan documents were assigned to plaintiff, which thereafter entered
into subordination agreements with various parties regarding payments
those parties owed to defendants. Plaintiff thereafter commenced this
foreclosure action alleging in a single cause of action that
defendants were in default on the loan documents.

In appeal No. 1, defendants appeal from an order that, inter
alia, granted plaintiff's motion for partial summary judgment on
liability against defendants, struck defendants' answer and
affirmative defenses, dismissed defendants' counterclaims, and denied

defendants' two cross motions to the extent that defendants sought to amend the answer or sought summary judgment dismissing the amended complaint. In appeal No. 2, defendants appeal from an order that incorporated by reference the order in appeal No. 1 and in addition, inter alia, appointed a referee to ascertain and compute the amounts due upon the loan documents. We dismiss the appeal from the order in appeal No. 1 (*see generally Matter of Eric D.* [appeal No. 1], 162 AD2d 1051, 1051), and affirm the order in appeal No. 2.

We conclude that Supreme Court properly granted plaintiff's motion seeking, inter alia, partial summary judgment on liability against defendants. Plaintiff "established [its] prima facie entitlement to judgment as a matter of law by submitting the mortgage, the underlying note, and evidence of a default" (*Ferri v Ferri*, 71 AD3d 949, 949), and defendants failed "to demonstrate the existence of a triable issue of fact regarding a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff" (*Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467, *lv dismissed* 91 NY2d 1003; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183, *rearg denied* 57 NY2d 674; *see generally Ferlazzo v Riley*, 278 NY 289, 292).

Contrary to defendants' contention, a letter dated April 21, 2011 from plaintiff's counsel to Empire Pipeline, Inc. (Empire), one of the parties with whom plaintiff had entered into a subordination agreement temporarily curtailing any payments from Empire to defendants, did not raise a triable issue of fact whether plaintiff had violated its duty of good faith and fair dealing and intentionally interfered with Stuart's contract with Empire. That contention is premised on defendants' assumption that NLI had previously waived all defaults and was estopped from demanding strict compliance with the loan documents. We note, however, that plaintiff failed to establish that there was anything in the letter sufficient to constitute a valid waiver of defaults or to estop plaintiff from commencing this foreclosure action (*see Nassau Trust Co.*, 56 NY2d at 185-187). We conclude that defendants' other contentions premised on the letter of April 21, 2011 are also without merit, and defendants have thus failed to demonstrate the existence of a triable issue of fact regarding a defense to the foreclosure action based on that letter (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We reject the contentions of defendants that the subordination agreements improperly affected their interests or violated public policy and that the alleged reduction in the value of the mortgaged premises was a complete defense to the foreclosure action (*see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 404). We reject the further contention of defendants that the terms of the note were unconscionable as enforced by plaintiff on the ground that NLI "duped" defendants into signing the note by affording them numerous years of unusually lenient treatment. Defendants have thus failed to demonstrate a triable issue of fact based on the subordination agreements or the terms of the note (*see generally*

*Zuckerman*, 49 NY2d at 562).

    Contrary to defendants' contention, we conclude that plaintiff did not waive entitlement to the default interest rate based on NLI's continued acceptance of late payments.  Even if NLI or plaintiff had waived entitlement to the default interest rate, that waiver would not affect plaintiff's entitlement to summary judgment; it would affect only the amount due to plaintiff in foreclosure, which the referee appointed by the court will calculate (*see Shufelt v Bulfamante*, 92 AD3d 936, 937).  In any event, the note contains a provision explicitly stating that the failure of NLI or any other holder of the note to exercise an available right or remedy will not constitute a waiver of that right or remedy, and that the note may be "changed" only by an agreement in writing signed by the party against whom such an agreement is sought to be enforced.  We reject defendants' contention that the account statements issued by NLI to defendants, which did not apply the default interest rate, constituted a written amendment under that provision of the note, thus giving rise to a waiver.  A waiver must be "clear, unmistakable and without ambiguity" (*Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd.*, 7 NY3d 458, 465 [internal quotation marks omitted]), and we conclude that the account statements do not meet that standard.  Finally, we conclude that defendants do not have standing to assert the defense that plaintiff failed to give proper notice under RPAPL 1303 (*see generally NYCTL 1996-1 Trust v King*, 13 AD3d 429, 430).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court