OPINION OF THE COURT
Debra. Silber, J.
The decision/order on this application is as follows:
Plaintiff moves for summary judgment six days after defendant’s time to answer the complaint expired. Defendant has not answered. Plaintiff should have instead requested a default judgment. Plaintiff seeks an order pursuant to RPAPL 1501 (4) discharging the mortgage of record in the original principal sum of $540,000, held by defendant against the property known as 304 Evergreen Avenue, Brooklyn, N.Y. For the reasons which follow, the motion is denied, despite the absence of opposition and the complaint is dismissed sua sponte.
The notice of motion was not served with an indication thereon of the full address indicated on the Department of State, Division of Corporations website for the defendant’s principal executive office, to wit: in care of Credit Suisse (USA) Inc., Attn: Corporate Tax Dept. Instead, it was sent to defendant with just the building address, and it is a very large building.
However, without regard to the issue of notice, and more importantly, addressing the substance of the matter, the court finds the motion and the action to be completely without merit. The defendant’s foreclosure action (index No. 10927/09, exhibit 7) was dismissed, by prior order of this court dated July 23, 2015 (exhibit 8), after a traverse hearing was held by a referee following a cross motion* by the prior owner Michelle Vassallo to vacate her default on the grounds of improper service of process and dismiss the action. She annexed sufficient documentary evidence to her motion with regard to her residence to warrant a traverse hearing. It is noted that plaintiff submitted opposition to the defendant’s cross motion, comprising 54 numbered paragraphs, but merely argued that service was properly made. Had plaintiff informed the court that Ms. Vas-sallo had sold the property to plaintiff herein in October of 2013, a year earlier, a different outcome would have resulted.
*316 It has long been the law in New York that a property owner who transfers her interest in the property to a third party prior to making a motion to vacate an order of reference or judgment of foreclosure lacks standing to challenge the service of process in the action. (See Bancplus Mtge. Corp. v Galloway, 203 AD2d 222 [2d Dept 1994].) The courts reject such motions because the former property owner is held to have no interest in the property at the time the motion is made. (See also NYCTL 1996-1 Trust v King, 304 AD2d 629 [2d Dept 2003], further explained at subsequent appeal 13 AD3d 429 [2d Dept 2004].) The Second Department, in the latter decision, states unequivocally “no determination should have been made with respect to the merits of the claim of defective service and the determination that service . . . was defective was of no legal significance” as “she no longer had standing to contest the judgment of foreclosure and sale since she had conveyed the property [prior to the date of the motion].” (13 AD3d at 430.)
The referee who conducted the traverse hearing found that Ms. Vassallo never resided at the address where service was alleged to have been made, and in fact resided in New Jersey at the time. The referee’s report was confirmed by the above-described order dated July 23, 2015, which also dismissed the foreclosure action. It is noted that defendant herein (DLJ, plaintiff in the foreclosure case) did not oppose the motion when it was returned to the undersigned after the referee issued her report.
Plaintiff herein acquired title to the property, a five-family multiple dwelling, for less than the market value stated by the City on the assessment roll and subject to said mortgage, in 2013 (exhibit 4), at a point in time when there was a notice of pendency filed against the property and a foreclosure action pending.
Plaintiff, in its complaint, states that, as the current owner of the property, its action is brought pursuant to RPAPL 1501 (4), and it demands the cancellation and discharge of the mortgage because the six-year statute of limitations began to run on the date the summons and complaint was served on Ms. Vassallo, May 4, 2009. This is not correct, as explained above. As the court found that she was not in fact served with the summons and complaint, and as the new owner, plaintiff MSMJ Realty LLC does not provide any evidence in its motion of an acceleration by a different means, merely by alleging that the service on Ms. Vassallo was the date the statute of limita *317 tions commenced (para 26 of affirmation in support), movant does not make out a prima facie case for the relief requested in its motion, even if the motion requested a default judgment instead of summary judgment.
There is no possible interpretation of the law under which the court could find that the mortgage which is held by DLJ has been accelerated. Without an acceleration, a separate cause of action accrues for each mortgage payment that is not paid, and the statute of limitations begins to run on the date each installment payment becomes due. (See Goldman Sachs Mtge. Co. v Mares, 135 AD3d 1121 [3d Dept 2016]; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980 [2d Dept 2012].) This mortgage was issued in 2006 (exhibit G) and is a 30-year mortgage. The default occurred in 2006, and as such, the statute of limitations has run as to payments which came due more than six years prior to the date a new foreclosure proceeding is eventually copimenced. But not as to the entire principal.
The motion is denied and the action is dismissed.

 To plaintiff’s motion for a judgment of foreclosure and sale.