■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY MORTGAGE LOAN TRUST 2005-10, Respondent, v SUMTER F. HAZZARD ADOLPH et al., Defendants, and ELAINE H. DARLING-CUMMINGS, as Trustee of the DARLING-CUMMINGS GIFT TRUST, Appellant. [30 NYS3d 912]—In an action to foreclose a mortgage, the defendant Elaine H. Darling-Cummings, as trustee of the Darling-Cummings Gift Trust, appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), dated December 16, 2014, which denied her motion pursuant to CPLR 5015 (a) (3) to vacate an order of reference of the same court (Liebowitz, J.) entered April 15, 2010, and a judgment of foreclosure and sale of the same court (Liebowitz, J.) entered July 12, 2010, upon her failure to appear or answer the complaint.

Ordered that the order dated December 16, 2014, is affirmed, with costs.

The defendant Elaine H. Darling-Cummings, as trustee of the Darling-Cummings Gift Trust (hereinafter the defendant), was not entitled to vacatur of an order of reference or a judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3), since she failed to demonstrate that the order or the judgment were procured by "fraud, misrepresentation, or other misconduct of an adverse party" (*Empire State Conglomerates v Mahbur*, 105 AD3d 898, 899 [2013]; *see HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044 [2014]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]). Furthermore, under the circumstances of this case, the plaintiff's failure to name an alleged indispensable party as a defendant in the action did not provide a basis to challenge the order of reference or the judgment of foreclosure and sale (*see* RPAPL 1311 [1]; *NYCTL 1996-1 Trust v King*, 304 AD2d 629, 630-631 [2003]; *Bancplus Mtge. Corp. v Galloway*, 203 AD2d 222, 223 [1994]).

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015 (a) (3) to vacate the order of reference and the judgment of foreclosure and sale. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.