JPMorgan Chase Bank, N.A. v Seema (2019 NY Slip Op 01504)





JPMorgan Chase Bank, N.A. v Seema


2019 NY Slip Op 01504


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8561N 381702/08

[*1] JPMorgan Chase Bank, N.A., Plaintiff-Respondent,
v
Maharaj Seema, Defendant-Appellant, NYC Environmental Controls Board, et al., Defendants.


The Rosenfeld Law Office, Lawrence (Avi Rosenfeld of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester (Alex Cameron of counsel), for respondent.



Appeal from order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about June 28, 2017, which denied defendant Maharaj's motion to vacate a judgment of foreclosure and sale and to dismiss the complaint, unanimously dismissed, without costs, as taken by a nonaggrieved party.
Only an "aggrieved" party, meaning one who has a "direct interest in the controversy which is affected by the result," may appeal from a judgment or order (State of New York v Philip Morris Inc., 61 AD3d 575, 578 [1st Dept 2009], appeal dismissed 15 NY3d 900 [2010] [internal quotation marks omitted]; CPLR 5511). Here, defendant Maharaj lacks a direct interest in the controversy because, before she moved to vacate the judgment of foreclosure, she had conveyed her interest in the subject property to a third party (see NYCTL 1996-1 Trust v King, 304 AD2d 629, 630-631 [2d Dept 2003], lv dismissed 100 NY2d 614 [2003]). Although Maharaj contends that she continues to have a potential interest in the foreclosure proceeding as a debtor on the underlying mortgage, it is undisputed that the foreclosure sale took place and the Referee delivered the deed in February of 2018, while the appeal was pending. Since more than 90 days have passed since the foreclosure sale and delivery of the deed, plaintiff is now precluded from pursuing a deficiency judgment against Maharaj (RPAPL 1371[2],[3]). Accordingly, the order appealed from does not impact any existing right of Maharaj (see 270 N. Broadway Tenants Corp. v Round Oaks Props., LLC, 116 AD3d 1035, 1037 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK