U.S. Bank Natl. Assn. v Thompson (2020 NY Slip Op 00251)





U.S. Bank Natl. Assn. v Thompson


2020 NY Slip Op 00251


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10784N 115553/09

[*1] U.S. Bank National Association, as Trustee of J.P. Morgan Alternative Loan Trust 2006-S2, Plaintiff-Respondent,
v
Al Thompson, Defendant-Appellant, Sellars Management Harlem Inc., et al., Defendants.


David A. Kaminsky & Associates, P.C., New York (James A. English of counsel), for appellant.
Davidson Fink LLP, Rochester (Richard N. Franco of counsel), for respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered February 15, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to vacate a prior order of dismissal of this mortgage foreclosure action pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27(b), unanimously affirmed, without costs.
Contrary to plaintiff's contention, defendant Thompson, the mortgagor, who remains obligated on the note and a potential deficiency judgment, has standing to appeal from the order vacating the dismissal of this action, notwithstanding that he transferred his interest in the encumbered property before the action was commenced (see JPMorgan Chase Bank, N.A. v Seema, 169 AD3d 622 [1st Dept 2019]).
In support of its motion to vacate, plaintiff demonstrated a reasonable excuse for its failure to appear for a court conference as well as a meritorious cause of action (see Diaz v Perlson, 168 AD3d 463 [1st Dept 2019]). Plaintiff submitted court records of the litigation status of the action, the mortgage documents, Thompson's default in performance of his obligations despite notices warning of acceleration of the debt, and an affidavit of merit by its loan servicing agent. Despite lengthy interim delays on its part in prosecuting the action, plaintiff took significant steps towards preparing its case for foreclosure, including filing a motion for summary judgment. It appears from the record that plaintiff attended all court conferences but the one. While law office failure by plaintiff's prior counsel is presumed asserted by its current counsel, and while the explanation is not supported by an affidavit by a person with personal knowledge of the alleged law office failure, we find that the record as a whole does not support the conclusion that the arguably stale action was abandoned. The dismissal order expressly relied on that characterization, which was given to the court in an ex parte communication by Thompson's counsel. However, the record is devoid of evidence to suggest intentional and repeated failures by plaintiff in abiding by its litigation obligations and is devoid of evidence that Thompson would be prejudiced by the restoration of the action to the calendar (see Spivey v City of New York, 167 AD3d 487 [1st Dept 2018]; Imovegreen, LLC v Frantic, LLC, 139 AD3d 539 [1st Dept 2016]).
We have considered Thompson's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK