Bank of Am., N.A. v Moore (2024 NY Slip Op 00754)

Bank of Am., N.A. v Moore

2024 NY Slip Op 00754

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-01621
 (Index No. 5651/08)

[*1]Bank of America, N.A., respondent, 
v
Lorri Moore, et al., defendants; Sprint Capital, LLC, nonparty-appellant.

Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for nonparty-appellant.
Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Sprint Capital, LLC, appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 4, 2022. The order denied that nonparty's motion pursuant to CPLR 5015(a)(3) and (4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered June 23, 2020, and pursuant to CPLR 3211(a)(10) to dismiss the complaint for failure to join a necessary party.
ORDERED that the order is affirmed, with costs.
On May 9, 2007, the defendant Lorri Moore (hereinafter the borrower) executed a note in the sum of $1.5 million in favor of the plaintiff, which was secured by a mortgage on certain real property located in Suffolk County. In February 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, the borrower. In an order and judgment of foreclosure and sale entered June 23, 2020, the Supreme Court, inter alia, directed the sale of the subject premises.
In a letter dated August 29, 2020, nonparty Sprint Capital, LLC (hereinafter Sprint), informed the Supreme Court that it took title to the subject property on September 11, 2017. In February 2022, prior to the foreclosure sale of the subject property, Sprint moved pursuant to CPLR 5015(a)(3) and (4) to vacate the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(10) to dismiss the complaint for failure to join it as a necessary party in the action. In an order dated March 4, 2022, the court denied Sprint's motion. Sprint appeals.
Contrary to Sprint's contention, it was not entitled to the relief sought because it never moved for leave to intervene in this action (see U.S. Bank, N.A. v Qurachi, 163 AD3d 888, 889; NYCTL 1996-1 Trust v King, 304 AD2d 629, 631).
In light of our determination, we need not reach Sprint's remaining contentions.
Accordingly, the Supreme Court properly denied Sprint's motion pursuant to CPLR 5015(a)(3) and (4) to vacate the order and judgment of foreclosure and sale, and pursuant to CPLR [*2]3211(a)(10) to dismiss the complaint for failure to join a necessary party.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court